1   PETER L. ISOLA (SBN 144146)
    pisola@hinshawlaw.com
2   JOANNA L. STOREY (SBN 214952)
    jstorey@hinshawlaw.com
3   KENDRA L. BASNER (SBN 250088)
    kbasner@hinshawlaw.com
4   HINSHAW & CULBERTSON LLP
    One California Street, 18th Floor
5   San Francisco, CA 94111
    Telephone:   415-362-6000
6   Facsimile:   415-834-9070

7   Attorneys for Defendant DAVIDOFF HUTCHER & CITRON LLP

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11
    In re:                                )   USDC ND CA Case No.:   TBA
12                                         )   Adversary Proceeding No. 18-03015
    BLUE EARTH, INC., et al.,              )   Chapter 11 Case No. 16-30296
13                                         )
                     Debtors,              )   **MOTION BY DEFENDANT FOR**
14                                         )   **WITHDRAWAL OF THE REFERENCE TO**
              vs.                          )   **BANKRUPTCY COURT; MEMORANDUM**
15                                         )   **OF POINTS AND AUTHORITIES IN**
                     Defendants.           )   **SUPPORT OF MOTION**
16                                         )
                                           )   **DEMAND FOR TRIAL BY JURY**
17                                         )
                                           )
18                                         )   Date:  TBA
                                           )   Time:  TBA
19                                         )   Judge & Courtroom:  TBA
                                           )
20   BRADLEY D. SHARP, solely in his capacity   )
     as Chapter 11 Litigation Trustee,         )
21                                              )
                      Plaintiff,                )
22                                              )
               vs.                              )
23                                              )
     DAVIDOFF HUTCHER & CITRON LLP, a           )
24   New York limited liability partnership     )
                                                )
25                    Defendant.                )
                                                )
26

27

28

---

DEFENDANT'S MOTION TO WITHDRAW REFERENCE TO BANKRUPTCY COURT
ADV. CASE NO. 18-03015
302001578v1 A3201

**PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 5011 AND BANKRUPTCY LOCAL RULE 5011-2, THE CLERK OF THE BANKRUPTCY COURT IS TO PROMPTLY TRANSMIT THIS MOTION TO THE DISTRICT COURT.**

**TO THE COURT, AND TO PLAINTIFF BRADLEY D. SHARP, SOLELY IN HIS CAPACITY AS CHAPTER 11 LITIGATION TRUSTEE AND HIS ATTORNEYS OF RECORD:**

Defendant DAVIDOFF HUTCHER & CITRON LLP will and hereby does move to withdraw the reference of the captioned adversary proceeding ("Adversary Proceeding") to the United States Bankruptcy Court for the Northern District of California, San Francisco Division ("Bankruptcy Court"). This motion is brought pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, and Rule 5011-2 of the Bankruptcy Local Rules, Northern District of California.

There is good cause for this Court to immediately withdraw the reference of the Adversary Proceeding to the Bankruptcy Court for the following reasons:

1. The Complaint commencing this litigation asserts three claims for relief, but the dominant claim is for Legal Malpractice in the Third Claim for Relief. In this claim, the Complaint alleges that one or more New York attorneys with Defendant New York law firm committed legal malpractice in the performance of legal services for Blue Earth Inc. ("BEI" or "Debtor") prior to the commencement of Debtor's Chapter 11 bankruptcy. The First Claim for Relief (Objection to Claim filed by DHC) and the Second Claim for Relief (Avoidance and Recovery of Preferential Transfer Pursuant to 11 USC §§ 547 and 550) incorporate the allegations made in support of the Legal Malpractice claim. These claims are all claims as to which the Bankruptcy Court may not enter a final order.

2. Defendant asserts its right to a jury trial as to the Complaint's Legal Malpractice claim (Third Claim for Relief) – which is properly triable to a jury -- and does not consent to a jury trial in the Bankruptcy Court. Based on the allegations in the Complaint, the First Claim for Relief (Objection to Claim filed by DHC) and Second Claim for Relief (Avoidance and Recovery of Preferential Transfer Pursuant to 11 USC §§ 547 & 550) are based on the same set of facts as the jury trial claim. Accordingly, the jury trial claim identified herein must be decided before the Court

2

1   may address the non-jury trial claims.

2          3.     To date there have not been any substantive proceedings in the Adversary

3   Proceeding, which was commenced on March 20, 2018.  Defendant has not filed a response to the

4   Complaint and no response is currently due until June 8, 2018.  The first scheduling conference

5   before the Bankruptcy Court is yet to occur.  To this point, the Bankruptcy Court has had no

6   involvement in any claims involving alleged legal malpractice against Defendant.  Accordingly, the

7   District Court and the Bankruptcy Court will be in the same position in learning the relevant facts

8   and administering the Adversary Proceeding.  Because the Bankruptcy Court will not be able to

9   enter a final order in the case, judicial economy militates in favor of withdrawal of the reference at

10  this time.

11          This motion is based on this Motion, the attached Memorandum of Points and Authorities,

12  the Declaration of Peter L. Isola and Request for Judicial Notice filed separately and the exhibits

13  attached thereto, the complete files and records of the referenced matters, the argument of counsel

14  and such other and further matters as this Court may consider at or before any hearing on this

15  motion.

16

17

18  Dated:  June 6, 2018                          HINSHAW & CULBERTSON LLP

19                                                By:  */s/ Joanna L. Storey*
                                                       _____
20                                                     PETER L. ISOLA
                                                       JOANNA L. STOREY
21                                                     KENDRA L. BASNER
                                                       Attorneys for Defendant DAVIDOFF
22                                                     HUTCHER & CITRON LLP

23

24

25

26

27

28

                                                  3
                    DEFENDANT'S MOTION TO WITHDRAW REFERENCE TO BANKRUPTCY COURT
                                                                        ADV. CASE NO. 18-03015

302001578v1 A3201

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant Davidoff Hutcher & Citron LLP, a New York limited liability partnership ("Defendant"), demands a jury trial on all issues triable by jury.  Defendant does not consent to a jury trial held before the Bankruptcy Court.


Dated:  June 6, 2018                                HINSHAW & CULBERTSON LLP


                              By:  */s/ Joanna L. Storey*
                                   PETER L. ISOLA
                                   JOANNA L. STOREY
                                   KENDRA L. BASNER
                                   Attorneys for Defendant DAVIDOFF
                                   HUTCHER & CITRON LLP

4

# TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION ................................................................. 1

II.   STATEMENT OF FACTS ........................................................ 2

III.  ARGUMENT ...................................................................... 4

      A.    Applicable Legal Standard.............................................. 4

      B.    This Motion to Withdraw the Reference is Timely ..................... 5

      C.    The Claim for Legal Malpractice is a Non-Core Claim or, in the alternative, A Claim as to Which the Bankruptcy Court May Not Enter a Final Judgment .............. 5

            1.    The Third Claim for Relief for Legal Malpractice Is a Non-Core Claim........ 5

            2.    The Bankruptcy Court May Not Enter a Final Judgment on the Legal Malpractice Claim............................................. 8

      D.    Withdrawal of the Reference is Appropriate Because the Claims in the Complaint are Predominantly Legal, Not Equitable, and Defendant Has Requested and Is Entitled to a Jury Trial on Those Claims......................... 9

      E.    Judicial Efficiency Supports Withdrawing the Reference Because A Non-Core Claim and Claims as to which the Bankruptcy Court Cannot Enter a Final Order Predominate .................................................... 10

      F.    Withdrawal of the Reference Will Not Encourage Forum Shopping ......... 11

      G.    Uniformity of Bankruptcy Administration will not be Disrupted by Withdrawal of the Reference ......................................... 12

      H.    Withdrawal of the Reference will Conserve Court and Party Resources ................. 13

IV.   CONCLUSION.................................................................... 13

DEFENDANT'S MOTION TO WITHDRAW REFERENCE TO BANKRUPTCY COURT
ADV. CASE NO. 18-03015
302001578v1 A3201

Case: 18-03015    Doc# 19    Filed: 06/13/18    Entered: 06/13/18 16:09:48    Page 5 of 23

1

## TABLE OF AUTHORITIES

2

3                                                                                      **Page(s)**

4    **Cases**

5    *In re ACI-HDT Supply Co.,*
       205 B.R. 231 ...............................................................................................................7

6    *Addison v. United States Dep't of Educ. (In re Addison),*
7      240 B.R. 47 (Bankr. C.D. Cal. 1999)........................................................................5

8    *Allied Systems Holdings, Inc. v. Yucaipa American Alliance Fund I, L.P.,*
       524 B.R. 598 (Bankr. D. Del. 2015) .......................................................................10
9
     *Am. Coal Co. v. Enron N. Am. Corp. (In re Enron Corp.),*
10     No. 03 Civ. 1727 (LTS), 2003 U.S. Dist. LEXIS 19543 (S.D.N.Y. 2003) ...................5

11   *In re Bellingham Ins. Agency, Inc.,*
12     702 F. 3d 553 (9th Cir. 2012), *aff'd sub nom. Executive Benefits Ins. Agency v. Arkison*, 134 S.
       Ct. 2165, 189 L. Ed. 83 (2014) ................................................................................8

13   *Burdette v. Emerald Partners LLC,*
14     NO. C15-0816-JCC, 2015 U.S. Dist. LEXIS 93127 (W.D. Wash. July 16, 2015) ........7

15   *Canter v. Canter (In re Canter),*
       299 F.3d 1150 (9th Cir. 2002) ................................................................................11
16
     *In re Com 21,*
17     No. C-04-03396, 2005 U.S. Dist. LEXIS 34339, 2005 WL 5962007 (N.D. Cal. July 6, 2005) .....6

18   *In re Daewoo Motor America, Inc.,*
19     302 B.R. 308 (Bankr. C.D. Cal. 2003)...............................................................5, 6, 10

20   *DePinto v. Provident Security Life Ins. Co.,*
       323 F.2d 826 (9th Cir. 1963) .................................................................................10
21
     *Dunmore v. United States,*
22     358 F.3d 1107 (9th Cir. 2004) ..............................................................................7, 9

23   *In re Eastport Assocs.,*
24     935 F.2d at 1077 ...................................................................................................7

25   *Eide v. Haas (In re H & W Motor Express Co.),*
       343 B.R. 208 (N.D. Iowa 2006).................................................................................5
26
     *Everett v. Art Brand Studios, LLC,*
27     556 B.R. 437 (2016), 2016 U.S. Dist. LEXIS 107923 ......................................6, 9, 11

28

                                                       ii

Case: 18-03015    Doc# 19    Filed: 06/13/18    Entered: 06/13/18 16:09:48    Page 6 of 23

*Granfinanciera, S.A. v. Nordberg*,
  492 U.S. 33, 48 (1989) ..................................................................................................10

*Granite Rock Co. v. Int'l Bhd. of Teamsters*,
  649 F.3d 1067 (9th Cir. 2011), *cert. denied, Teamsters Local 287 v. Granite Rock Co.*, 2011 U.S.
  LEXIS 8779 (U.S., Dec. 5, 2011) ...............................................................................7, 10

*Grant African Methodist Episcopal Church of Los Angeles v. White*,
  No. CV 10-2845 AHM, 2010 U.S. Dist. LEXIS 53038 (C.D. Cal. May 11, 2010) ...................6, 7

*Gruntz v. County of Los Angeles (In re Gruntz)*,
  202 F.3d 1074 (9th Cir. 2000) ...........................................................................................6

*In re Hall, Bayoutree Associates, Ltd.*,
  939 F.2d 802 (9th Cir. 1991) .............................................................................................5

*Hanfling v Epstein, Becker & Green (In re ATG Catalytics)*,
  No. C-04-1450, 2004 .......................................................................................................11

*Herbst Gaming, Inc. v. Insurcorp (In re Zante, Inc.)*,
  No. 3:10-cv-00231-RCJ-RAM, 2010 U.S. Dist. LEXIS 137691 (D. Nev. Dec. 29, 2010)...........13

*In re Joseph DelGreco & Co.*,
  2011 U.S. Dist. LEXIS 10972, 2011 WL 350281 (S.D.N.Y. Jan. 26, 2011) ................................7

*Lara v. Casimiro (In re Casimiro)*,
  No. CIV-F-06-0028 AWI SMS, 2006 U.S. Dist. LEXIS 41176 (E.D. Cal. June 6, 2006) ..........11

*Mastro v. Rigby*,
  764 F.3d 1090 (9th Cir. 2014) ..........................................................................................8

*Official Committee of Unsecured Creditors of Appalachian Fuels, LLC v. Energy Coal Resources,
  Inc. (In re Appalachian Fuels, LLC)*,
  472 B.R. 731 (E.D. Ky. 2012) ...........................................................................................5

*Okla. Natural Gas Co., Div. of ONEOK, Inc. v. Mahan & Rowsey, Inc.*,
  48 B.R. 767 (Bankr. W.D, Okla. 1985) *aff'd,* 786 F.2d 1004 (10th Cir. 1986).............................13

*Orion Pictures Corp. v. Showtime Networks*,
  4 F.3d 1095 (2d Cir. 1993), *cert. dismissed,* 511 U.S. 1026, 128 L. Ed. 2d 88, 114 S. Ct. 1418
  (1994) ...........................................................................................................................5, 6

*Pereira v. Farace*,
  413 F.3d 330 (2d Cir. 2005), *cert. denied,* 126 S. Ct. 2286, 164 L. Ed. 2d 812, 2006 U.S. LEXIS
  3965 (U.S., 2006) .......................................................................................................7, 10

*Piombo Corp. v. Castlerock Props. (In re Castlerock Props.)*,
  781 F.2d 159 (9th Cir. 1986) ..............................................................................................6

iii

Case: 18-03015    Doc# 19    Filed: 06/13/18    Entered: 06/13/18 16:09:48    Page 7 of 23
302001578v1 A3201

*In re Rosales,*
    2013 U.S. Dist. LEXIS 160625, 2013 WL 5962007 (N.D. Cal. Nov. 7, 2013) ..........................14

*Rosenthal v. Fonda,*
    862 F.2d 1398 (9th Cir. 1988) ........................................................................................13

*Ross v. Yaspan,*
    No. CV 12-07048, 2013 U.S. Dist. LEXIS 95710, 2013 WL 3448725 (C.D. Cal July 9, 2013) ....7

*Security Farms v. Int'l Bhd. Of Teamsters, etc.,*
    124 F.3d 999 (9th Cir. 1997) ................................................................................... *passim*

*Stern v. Marshall,*
    564 U.S. 462, 131 S. Ct. 2594, 180 L. Ed. 475 (2011) ......................................... *passim*

*In re Tamalpais Bancorp,*
    451 B.R. 6 (N.D. Cal. 2011) ........................................................................................12

*Taxel v. Electronic Sports Research (In re Cinematronics, Inc.),*
    916 F.2d 1444 (9th Cir. 1990) ...................................................................................2, 9

*In re U.S. Brass Corp.,*
    110 F.3d 1261 (7th Cir. 1997) .....................................................................................7

*Veys v. Riske,*
    No. C07-5625BHS, 2007 U.S. Dist. LEXIS 90623 (W.D. Wash. Nov. 28, 2007) .................12, 13

**Statutes**

11 U.S.C. § 157(b)(2) ..........................................................................................7, 8

11 U.S.C. § 157(b)(2)(C) ...................................................................................8, 12

11 U.S.C. § 157(c) .............................................................................................13

11 U.S.C. §§ 547; 550 ................................................................................... *passim*

28 U.S.C. § 157(c)(1) ..........................................................................................6

28 U.S.C. § 157(d) ..................................................................................1, 4, 5, 8

28 U.S.C. § 157(e) ...............................................................................................2

**Other Authorities**

Fed. R. Bankr. P. 5011 .....................................................................................1, 4

Case: 18-03015    Doc# 19    Filed: 06/13/18    Entered: 06/13/18 16:09:48    Page 8 of 23

302001578v1 A3201

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rule of Bankruptcy Procedure, and Rule 5011-2 of the Bankruptcy Local Rules, Northern District of California, defendant DAVIDOFF HUTCHER & CITRON LLP ("Defendant" or "DHC"), a New York limited liability partnership, submits this Memorandum of Points and Authorities in support of the motion (the "Motion") for an order withdrawing the reference of this adversary proceeding ("Adversary Proceeding") to the United States Bankruptcy Court for the Northern District of California, San Francisco Division ("Bankruptcy Court").

The Complaint commencing this Adversary Proceeding[1] was filed on March 20, 2018. Defendant has not yet filed a response to the Complaint; and the initial scheduling conference has not yet taken place and presently is set for July 27, 2018 in the Bankruptcy Court.  There have been no other proceedings in the Adversary Proceeding.[2]  Although it has not yet filed a response to the Complaint, Defendant will, and hereby does, demand trial by jury and does not consent to a jury trial in the Bankruptcy Court.

In the Complaint, Plaintiff Bradley D. Sharp, in his capacity as the Chapter 11 Litigation Trustee for the Litigation Trust on behalf of the Litigation Trust Beneficiaries, asserts a claim for professional negligence against the Defendant New York law firm based on legal services performed for Blue Earth, Inc. ("BEI" or "Debtor") prior to the commencement of the bankruptcy.  The Complaint's Third Claim for "Legal Malpractice" is based exclusively on substantive state law and is a non-core claim as to which Defendant is entitled to a jury trial. The First Claim for Relief (Objection to Claim filed by DHC) and the Second Claim for Relief (Avoidance and Recovery of Preferential Transfer Pursuant to 11 USC §§ 547 and 550) incorporate the allegations made in support of the Legal Malpractice claim. These claims are predicated on allegations of professional negligence and are claims as to which the Bankruptcy Court may not enter a final order.

The Adversary Proceeding was automatically assigned to Bankruptcy Judge Dennis J.

---

[1]    A true and correct copy of the complaint ("Complaint") is attached as Exhibit 1 to the accompanying Declaration of Peter L. Isola ("Isola Decl.").
[2]    A copy of the Docket in the Adversary Proceeding is attached as Ex. 2 to the Isola Decl.

1

Montali, the presiding judge in the Debtors' bankruptcy cases.  However, Judge Montali has so far had no involvement in addressing any claim for Legal Malpractice against New York Defendant DHC.   The action was filed March 20, 2018; and, on April 12, 2018, Judge Montali approved the parties' joint stipulation to continue the scheduling conference from May 25, 2018 to July 27, 2018. Other than approving that stipulation, Judge Montali has not participated in any aspect of this Adversary Proceeding.

Withdrawing the reference at this time will promote the interests of judicial efficiency and economy and is warranted in light of the predominant non-core claim: for Legal Malpractice in the Third Claim for Relief. Moreover, the first two claims – for Objection to Claim filed by DHC; and for Avoidance and Recovery of Preferential Transfer (11 USC §§ 547 & 550) -- are themselves based on the same set of factual allegations as the non-core claim.  In ¶ 46 of the Complaint's First Claim, Plaintiff alleges that Defendant DHC "performed such services in a negligent manner and in breach of duty DHC owed Debtor to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity possess in exercising and performing the tasks which they undertake." These allegations against Defendant are incorporated into each of the three Claims in the Complaint.

The right to a jury trial exists for the non-core state law claim.  Because Defendant has requested a jury trial and does not consent to the Bankruptcy Court conducting that trial, the trial must be conducted by the District Court, an Article III court.  *Taxel v. Electronic Sports Research (In re Cinematronics, Inc.)*, 916 F.2d 1444, 1451 (9th Cir. 1990).  Under 28 U.S.C. § 157(e), the Bankruptcy Court cannot hold a jury trial without all the parties' consent.

Moreover, because the Adversary Proceeding has only just been commenced, nothing substantive has occurred, and only a continuance of the scheduling conference has been effected, the Bankruptcy Court has no greater familiarity with the facts and issues of the Adversary Proceeding than will the District Court.  Accordingly, withdrawing the reference at this time will promote the interests of judicial efficiency and economy, and will not have any effect on the uniform administration of bankruptcy law.

## II.   STATEMENT OF FACTS

The Debtors, BEI and Blue Earth Tech, Inc. ("BETI"), commenced their bankruptcy cases by

2

filing voluntary petitions for relief under chapter 11 on March 21, 2016. Complaint ¶ 3.  Pursuant to Bankruptcy Court Order entered March 23, 2016, the cases have been jointly administered under case number 16-30296-DM. *Ibid*. Plaintiff filed the Complaint on March 20, 2018. Defendant has not yet filed a response to the Complaint.  By a stipulation between Plaintiff and Defendant filed April 12, 2018,[3] Defendant has until June 8, 2018 to file its response to the Complaint.  The initial scheduling conference in the Bankruptcy Court, by approval of Judge Montali, was continued from May 25, 2018 to July 27, 2018. There have been no other proceedings in the Adversary Proceeding.

The Complaint asserts claims for (1) Objection to Claim filed by DHC (Complaint ¶¶ 42–46), (2) avoidance and recovery of preferential transfer pursuant to 11 USC §§ 547 & 550 (¶¶ 47–55), and (3) legal malpractice (¶¶ 56–62). The Complaint's "General Allegations" in paragraphs 12–41 are incorporated into each of the three claims.

Plaintiff's claims are asserted against a single Defendant:  the DHC law firm, a New York limited liability partnership based out of New York, NY. Complaint ¶8.  Attorney Elliot Lutzker is one of DHC's New York based partners licensed in the State of New York. *Ibid*. All legal work performed by DHC on behalf of BEI was performed in New York.

The alleged facts giving rise to the claims against DHC are set forth at length in pages 3 – 6 of the Complaint.  Generally, the allegations are that Defendant New York law firm DHC failed to adequately perform as counsel to Debtor BEI prior to the commencement of the bankruptcy case. More specifically, the Complaint alleges:  that Defendant represented BEI in its acquisition of another company, Xnergy, Inc.; that Defendant prepared the employment contracts for Xnergy's two former principals, Jason Davis and Joseph Patalano, and subsequent amendments to these contracts; that, in connection with a dispute between BEI's CEO, on the one hand, and Davis and Patalano, on the other hand, Defendant gave erroneous advice to BEI; that, as a result of the advice from Defendant, BEI terminated Davis and Patalano; that, subsequent to their purported termination, Davis and Patalano entered into another agreement with BEI (also allegedly prepared by Defendant) that resolved the claims of Davis and Patalano arising from their employment with BEI; that Defendant prepared a form 10-K disclosure for BEI that, according to the Complaint, included

---

[3]  See Ex. 3, Isola Decl. (copy of Stipulation confirming the response date of June 8, 2018).

DEFENDANT'S MOTION TO WITHDRAW REFERENCE TO BANKRUPTCY COURT
ADV. CASE NO. 18-03015
302001578v1 A3201

1    statements concerning Davis and Patalano that these individuals later contended were untrue; that

2    Davis and Patalano commenced an arbitration proceeding in California against BEI in April 2014, in

3    which BEI was represented by counsel other than Defendant; that the arbitrator in that proceeding

4    found in favor of Davis and Patalano and against BEI; and that, subsequent to the arbitrator's award,

5    the parties to the arbitration reached a settlement.    See Complaint at ¶¶ 12-41.

6         Plaintiff contends these allegations support a claim for Legal Malpractice against Defendant

7    and that damages should be awarded to Plaintiff and against Defendant.[4]   These same allegations are

8    directed not only to the third claim for Legal Malpractice; they also are incorporated into the First

9    and Second claims as well. Specifically, these allegations are expressly incorporated by reference at

10   the beginning of each of the three claims for relief set forth in the Complaint.  See Complaint ¶¶ 42,

11   47, and 56.  Moreover, ¶ 46 in the First Claim likewise is specifically incorporated into the Second

12   and Third Claims; this paragraph provides:  " … as alleged below, DHC performed (…) services in a

13   negligent manner and in breach of a duty DHC owed to Debtor to use such skill, prudence, and

14   diligence as lawyers of ordinary skill and capacity possess in exercising and performing the tasks

15   which they undertake. Such breach of duty caused injury to the Debtor as alleged below."

16   **III.   ARGUMENT**

17        **A.    Applicable Legal Standard**

18        At its discretion, the District Court may, on its own motion or on motion timely filed by any

19   party for cause shown, withdraw any case or proceeding referred to the Bankruptcy Court.  *See* 28

20   U.S.C. § 157(d); Fed. R. Bankr. P. 5011.  Although Section 157(d) does not define "cause," in

21   *Security Farms v. Int'l Bhd. Of Teamsters, etc.*, 124 F.3d 999 (9th Cir. 1997), the Ninth Circuit held

22   that the District Court "should consider the efficient use of judicial resources, delay and costs to the

23   parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related

24   factors," in determining whether cause to withdraw the reference exists. *Id.* at 1008.  Other relevant

25   factors include: (a) whether the claim is core or non-core; (b) whether the claim is legal or equitable;

26   (c) whether the claim is triable by a jury; (d) the most efficient use of judicial resources; (e)

27   reduction of forum shopping; (f) conservation of estate and non-debtor resources; and (g) uniformity

28

---

[4]  Defendant vigorously disputes these allegations.

of bankruptcy administration. *In re Daewoo Motor America, Inc.,* 302 B.R. 308, 310 (Bankr. C.D. Cal. 2003), citing *Orion Pictures Corp. v. Showtime Networks*, 4 F.3d 1095, 1101 (2d Cir. 1993), *cert. dismissed,* 511 U.S. 1026, 128 L. Ed. 2d 88, 114 S. Ct. 1418 (1994). Analysis of these factors strongly supports withdrawal of the reference of the Adversary Proceeding.

**B.    This Motion to Withdraw the Reference is Timely**

There is no specific deadline or timetable for bringing a motion to withdraw the reference in Section 157(d). *Am. Coal Co. v. Enron N. Am. Corp. (In re Enron Corp.)*, No. 03 Civ. 1727 (LTS), 2003 U.S. Dist. LEXIS 19543, at *10 n.4 (S.D.N.Y. 2003). Indeed, it has been held that the reference may be withdrawn at any time. *In re Hall, Bayoutree Associates, Ltd.,* 939 F.2d 802, 805 (9th Cir. 1991). In general, the party seeking withdrawal of the reference should file its motion as early as is practicable, and the court will determine whether the timing of the motion is reasonable under the circumstances. *Eide v. Haas (In re H & W Motor Express Co.)*, 343 B.R. 208, 213 (N.D. Iowa 2006).

In this case, the Complaint was filed very recently, on March 20, 2018. The Defendant has not yet responded to the Complaint; and the original time for the response has been extended to June 8, 2018. The first scheduling conference is currently set for July 27, 2018. As such, this Motion is brought before any substantive decisions have been made in the Adversary Proceeding. Accordingly, there can be no doubt that the Motion is timely. *See, Addison v. United States Dep't of Educ. (In re Addison)*, 240 B.R. 47, 49, n.1 (Bankr. C.D. Cal. 1999) (motion to withdraw the reference was timely when filed within two months after complaint was filed); *Official Committee of Unsecured Creditors of Appalachian Fuels, LLC v. Energy Coal Resources, Inc. (In re Appalachian Fuels, LLC)*, 472 B.R. 731, 736-37 (E.D. Ky. 2012) (motion filed three months after amended complaint was timely).

**C.    The Claim for Legal Malpractice is a Non-Core Claim or, in the alternative, A Claim as to Which the Bankruptcy Court May Not Enter a Final Judgment**

1.    The Third Claim for Relief for Legal Malpractice Is a Non-Core Claim

The Bankruptcy Court cannot issue a final order on non-core claims, but is instead required to make proposed findings of fact and conclusions of law for *de novo* review by the District Court.

5

1   28 U.S.C. § 157(c)(1); *Piombo Corp. v. Castlerock Props. (In re Castlerock Props.)*, 781 F.2d 159,

2   161-62 (9th Cir. 1986). It therefore is helpful to first determine whether a claim is "core" or "non-

3   core" in considering whether the reference should be withdrawn, because this determination

4   implicates the efficiency and uniformity factors. *In re Daewoo Motor America, Inc.*, 302 B.R. at 311

5   (citing *Orion Pictures Corp,* 4 F.3d at 1101). Nonetheless "[w]hether the claim is core or non-core

6   is not dispositive of the motion to withdraw, but merely a factor to consider." *Id.* at 310.

7          The Complaint alleges that the adversary case "is a core proceeding …" Complaint, ¶ 11. An

8   examination of the claims asserted, however, reveals a different reality, one that supports withdrawal

9   of the reference. "If the claims sought to be withdrawn are non-core and the Bankruptcy Court

10  cannot enter final judgment, then efficiency generally favors withdrawing the reference. *Everett v.*

11  *Art Brand Studios, LLC*, 556 B.R. 437, 443 (2016), 2016 U.S. Dist. LEXIS 107923 **7. In *Everett,*

12  the Northern District, finding that claims for breach of fiduciary duty and interference with

13  prospective economic advantage were non-core, granted the defendants' motion for withdrawal of

14  the reference. *Id.* Citing *In re Eastport Assocs.*, 935 F.2d at 1077, the Court explained that the

15  subject claims "do not arise only in bankruptcy proceedings," could be made even if the debtor were

16  not in bankruptcy, and neither arise only in title 11 cases nor are "created by title 11". *Id.*

17         *Everett* is consistent with the Ninth Circuit's adoption of a "relatively narrow interpretation"

18  of what should be considered a "core proceeding." *In re Com 21*, No. C-04-03396, 2005 U.S. Dist.

19  LEXIS 34339, 2005 WL 5962007, at *13 (N.D. Cal. July 6, 2005). In the Ninth Circuit, a core

20  proceeding is one that "invokes a substantive right provided by title 11 or . . . a proceeding that, by

21  its nature, could arise only in the context of a bankruptcy case." *Gruntz v. County of Los Angeles (In*

22  *re Gruntz)*, 202 F.3d 1074, 1081 (9th Cir. 2000); *accord*, *Grant African Methodist Episcopal Church*

23  *of Los Angeles v. White*, No. CV 10-2845 AHM, 2010 U.S. Dist. LEXIS 53038, at *3 (C.D. Cal.

24  May 11, 2010). Non-core proceedings are those not integral to the restructuring of debtor-creditor

25  relations and not involving a cause of action arising under title 11." *Grant African Methodist*

26  *Episcopal Church of Los Angeles, supra*, at *3-*4. Thus, where a lawsuit could just as easily have

27  been brought in a state court, it is not a core proceeding. *Eastport Assocs. v. City of Los Angeles (In*

28  *re Eastport Assocs.)*, 935 F.2d 1071, 1077 (9th Cir. 1991); *see also, Dunmore v. United States*, 358

1   F.3d 1107, 1115 (9th Cir. 2004); *In re U.S. Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997).

2       The Complaint's Third Claim for Relief is for Legal Malpractice. There can be no doubt that

3   this claim is non-core, arises solely under state law, and could have been brought in state court.   *See,*

4   *In re ACI-HDT Supply Co.,* 205 B.R. 231, 237 (B.A.P. 9th Cir. 1997 (claims for professional

5   negligence and malpractice focused on pre-petition advice unrelated to bankruptcy proceeding found

6   to be non-core); *In re Joseph DelGreco & Co.,* 2011 U.S. Dist. LEXIS 10972, 2011 WL 350281

7   (S.D.N.Y. Jan. 26, 2011) (action by debtor for legal malpractice based on pre-petition conduct of

8   debtor's lawyers held to be non-core because the claims were "traditional state law claims for legal

9   malpractice (…) independent of and antecedent to the bankruptcy petition."); *Ross v. Yaspan*, No.

10   CV 12-07048, 2013 U.S. Dist. LEXIS 95710, 2013 WL 3448725 at *12 (C.D. Cal July 9, 2013)

11   ("legal malpractice claims are state law causes of action"); *Pereira v. Farace*, 413 F.3d 330, 339-40

12   (2d Cir. 2005), *cert. denied,* 126 S. Ct. 2286, 164 L. Ed. 2d 812, 2006 U.S. LEXIS 3965 (U.S., 2006)

13   (breach of fiduciary duty claim is legal where damages are sought); and *Granite Rock Co. v. Int'l*

14   *Bhd. of Teamsters*, 649 F.3d 1067, 1069 (9th Cir. 2011), *cert. denied, Teamsters Local 287 v.*

15   *Granite Rock Co.*, 2011 U.S. LEXIS 8779 (U.S., Dec. 5, 2011) (contract claim is legal).   The

16   Bankruptcy Court cannot enter a final order on this claim.

17       Moreover, the First Claim for Relief (Objection to Claim filed by DHC) and the Second

18   Claim for Relief (Avoidance and Recovery of Preferential Transfer Pursuant to 11 USC §§ 547 and

19   550) incorporate the allegations made in support of the Legal Malpractice claim.   Based on the

20   allegations in the Complaint, the first two claims for relief are based on the same set of facts as the

21   Plaintiff's jury trial claim for Legal Malpractice.   While Claims 1 and 2 may be considered "core"

22   under 11 USC § 157(b)(2), the presence of one or more core claims in a complaint that also includes

23   a non-core claim does not mandate denial of a motion to withdraw the reference.   *See, Burdette v.*

24   *Emerald Partners LLC*, NO. C15-0816-JCC, 2015 U.S. Dist. LEXIS 93127, at *6-*7 (W.D. Wash.

25   July 16, 2015) (granting motion to withdraw reference where complaint included core claims for

26   fraudulent transfer and improper post-petition transfer together with other non-core claims).   For the

27   reasons stated herein, and as authorized by 11 USC § 157(d), the District Court should withdraw this

28   action "in whole."

DEFENDANT'S MOTION TO WITHDRAW REFERENCE TO BANKRUPTCY COURT
ADV. CASE NO. 18-03015

302001578v1 A3201

1
2

        2.      The Bankruptcy Court May Not Enter a Final Judgment on the Legal Malpractice Claim

3
      Section 157(b)(2) sets forth a non-exclusive list of core proceedings.  11 U.S.C. § 157(b)(2).

4
However, the Supreme Court held, in *Stern v. Marshall*, 564 U.S. 462, 476, 131 S. Ct. 2594, 180 L.

5
Ed. 475 (2011) ("*Stern*"), that with respect to at least one of the enumerated core proceedings, the

6
statutory authority granted to bankruptcy courts to enter final orders by Section 157(b)(2) may not

7
meet constitutional muster.  In *Stern*, the Supreme Court held that, notwithstanding the inclusion in

8
Section 157(b)(2)(C) of "counterclaims by the estate against persons filing claims against the estate"

9
as "core," a Bankruptcy Court would not have the constitutional authority to enter a final order on a

10
state law counterclaim for tortious interference asserted by the debtor against a defendant who had

11
filed a proof of claim in the bankruptcy case for defamation.  *Stern*, 131 S. Ct. at 2615-6; 180 L. Ed.

12
2d at 501.

13
      *Stern* addressed "counterclaims by the estate against persons filing claims against the estate",

14
which are enumerated in Section 157(b)(2)(C).[5]  Thus, even if the Third Claim for Legal

15
Malpractice is considered "core", the Bankruptcy Court cannot, under *Stern*, enter a final order with

16
respect to this claim for relief.  Instead, the Bankruptcy Court is limited to making proposed findings

17
of fact and conclusions of law which must be reviewed *de novo* and then entered by the District

18
Court.  Whether considered a non-core claim or, in the alternative, a "core" claim upon which the

19
Bankruptcy Court may not enter a final judgment, withdrawal of the reference is appropriate.

20
      As in *Everett*, 556 B.R. 437, 443, the primary claim at issue does not depend upon the

21
bankruptcy laws for its existence; rather, legal malpractice is a state common law claim that could

22
have been brought in state or federal district court. In *Everett*, the Northern District recognized that

23
such claims are generally considered non-core. *Everett*, 556 B.R. at 443, citing *Sec. Farms*, 124 F.3d

24
at 1008 and *Dunmore*, 358 F.3d at 1115 (9th Cir. 2004) (finding tax refund claims to be non-core

25
when the claims "do not depend on Title 11 for their existence" and "the trustee could have brought

26

27
[5] The Ninth Circuit extended the scope of *Stern* to fraudulent transfer claims, notwithstanding their designation as "core" under Section 157(b)(2)(H).  See *Mastro v. Rigby*, 764 F.3d 1090, 1093-94 (9th Cir. 2014) (fraudulent transfer claims are "Stern claims" that are "defined as 'core' under § 157(b) but may not, as a constitutional matter, be adjudicated as such."); *Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*, 702 F. 3d 553 (9th Cir. 2012), *aff'd sub nom. Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 189 L. Ed. 83 (2014).

28

8

1   them in the district court").  On the other hand, even if the Third Claim for Legal Malpractice is

2   considered "core", under *Stern*, the Bankruptcy Court cannot enter a final order on this claim.

3        The Plaintiff's claim for Legal Malpractice dominates the entire adversary proceeding. As

4   detailed above, the Complaint alleges that one or more attorneys with Defendant New York law firm

5   DHC committed legal malpractice in the performance of legal services for Debtor prior to the

6   commencement of Debtor's Chapter 11 bankruptcy.  The First Claim for Relief (Objection to Claim

7   filed by DHC) and the Second Claim for Relief (Avoidance and Recovery of Preferential Transfer

8   Pursuant to 11 USC §§ 547 and 550) incorporate the same allegations made in support of the Legal

9   Malpractice claim. The alleged conduct that would need to be proven by Plaintiff in order to succeed

10  is the same across all three claims.

11       **D.    Withdrawal of the Reference is Appropriate Because the Claims in the
              Complaint are Predominantly Legal, Not Equitable, and Defendant Has
12            Requested and Is Entitled to a Jury Trial on Those Claims**

13       Defendant is entitled to and has requested a jury trial on all claims for relief properly triable

14  to a jury.  Defendant does not, however, consent to a jury trial in the Bankruptcy Court. *Taxel,* 916

15  F.2d at 1451 ("[B]ankruptcy courts cannot conduct jury trials on noncore matters, where the parties

16  have not consented.").  Accordingly, only the District Court, as an Article III court, may conduct the

17  trial in this case.  Because each of the three claims for relief asserted by Plaintiff is based on the

18  same set of disputed facts which will require a jury trial, withdrawal of the reference is appropriate

19  now.

20       Defendant's right to a jury trial clearly applies to the third claim for relief in the Complaint –

21  for Legal Malpractice -- because this claim is legal and the remedy sought is monetary damages, not

22  any form of equitable relief.  *See*, Complaint ¶¶ 61-62 and Prayer for Relief (page 9, ¶¶ D – G). For

23  example, in ¶ 61, the Complaint alleges:  "BEI suffered damages in the form of attorney's fees and

24  related costs to defend a case that would never have arisen had (Defendant) not provided negligent

25  advice. It also suffered damages in the form of all amounts it had to pay Davis and Patalano after

26  issuance of the judgment in their favor and against BEI." In the Prayer for Relief, the Complaint

27  seeks to recover a "Judgment . . . for damages associated with DHC's legal malpractice . . ." pre-

28  judgment and post-judgment interest thereon, and attorney's fees and costs.  Complaint, p. 9.  *See,*

9

1    *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 48 (1989) ("[W]here an action is simply for the

2    recovery . . . of a money judgment, the action is one at law") (internal citation and quotation marks

3    omitted); *see also, Pereira*, 413 F.3d at 340 (breach of fiduciary duty claim that seeks compensatory

4    damages is legal, not equitable, entitling defendant to jury trial); *Allied Systems Holdings, Inc. v.*

5    *Yucaipa American Alliance Fund I, L.P.*, 524 B.R. 598, 614 (Bankr. D. Del. 2015) (same); *DePinto*

6    *v. Provident Security Life Ins. Co.*, 323 F.2d 826, 837 (9th Cir. 1963) ("[W]e hold that where a claim

7    of breach of fiduciary duty is predicated upon underlying conduct, such as negligence, which is

8    actionable in a direct suit at common law, the issue of whether there has been such a breach is . . . a

9    jury question."); *Granite Rock Co.*, 649 F.3d at 1070 (claim for monetary damages for a breach of

10   contract is "an essentially legal claim" entitled to jury trial).

11           Finally, each of Plaintiff's three claims for relief is based upon the identical operative facts:

12   specifically, Defendant New York law firm DHC purportedly failed to meet the applicable standard

13   of care in representing Debtor in the performance of legal services rendered prior to the bankruptcy

14   case.  Complaint ¶¶ 12-47 and 56-62.  Based on the allegations of the Complaint, Plaintiff must first

15   prove the jury trial claim that Defendant committed legal malpractice (i.e., the third claim for relief)

16   before Plaintiff can prevail on the first and second claims for relief (objection to claim and avoidance

17   / recovery of preferential transfer).

18           For each of the above-stated reasons, judicial efficiency and consistency are enhanced by

19   withdrawing the reference to the District Court where a full jury trial can be conducted.  *See,*

20   *Daewoo,* 302 B.R. at 314 (existence of a right to jury trial militates strongly in favor of withdrawing

21   the reference).

22           **E.      Judicial Efficiency Supports Withdrawing the Reference Because A Non-Core**
             **Claim and Claims as to which the Bankruptcy Court Cannot Enter a Final**
23           **Order Predominate**

24           Where, as here, non-core issues and claims as to which the Bankruptcy Court may not enter a

25   final order predominate, judicial efficiency is enhanced by withdrawing the reference because the

26   District Court will, in any event, be required to review the Bankruptcy Court's decision *de novo.*

27   *Security Farms,* 124 F.3d at 1008; *see also, Hanfling v Epstein, Becker & Green (In re ATG*

28   *Catalytics)*, No. C-04-1450, 2004 Dist. LEXIS 23617, at *5 (N.D. Cal. July 19, 2004) ("Judicial

1   efficiency is enhanced by withdrawing the reference because non-core issues predominate").

2   "Inasmuch as a bankruptcy court's determinations on non-core matters are subject to *de novo* review

3   by the district court, unnecessary costs could be avoided by a single proceeding in the district court."

4   *Security Farms,* 24 F.3d at 1009.  Rather than having the Bankruptcy Court go through the process

5   of making decisions which then must be reviewed *de novo* in District Court, judicial efficiency is

6   served by having the disputes decided in the first instance by the District Court, which may

7   constitutionally enter a final judgment.  *Everett*, 556 B.R. at 445.

8       Thus, consideration of this factor also weighs in favor of withdrawal of the reference in this

9   Adversary Proceeding.

10          **F.       Withdrawal of the Reference Will Not Encourage Forum Shopping**

11      A motion to withdraw the reference may promote forum shopping where withdrawal of the

12  reference will "essentially reverse the bankruptcy court's prior determinations."   *Canter v. Canter*

13  *(In re Canter)*, 299 F.3d 1150, 1154 (9th Cir. 2002).  There can be no such concerns here.  The

14  Adversary Proceeding has just commenced, and no substantive determinations of any kind have been

15  made by the Bankruptcy Court.  *See, Lara v. Casimiro (In re Casimiro)*, No. CIV-F-06-0028 AWI

16  SMS, 2006 U.S. Dist. LEXIS 41176, at *17 (E.D. Cal. June 6, 2006) (forum shopping not implicated

17  where the withdrawal of the reference occurs before any "substantive ruling from the bankruptcy

18  court which would give [the movant] any indication as to whether that court might tend to be

19  favorable or unfavorable to their claims").

20      Moreover, this action involves either a non-core Legal Malpractice claim or, in the

21  alternative a *Stern* claim in which the Bankruptcy Court may not enter a final judgment. The

22  allegations supporting this claim are incorporated into the other two claims.  Any decisions by the

23  Bankruptcy Court on these claims will therefore be subject to *de novo* review by the District Court.

24  Thus, there can be no suggestion of forum shopping.  *See, Security Farms*, 124 F.3d at 1009 (effect

25  of district court's withdrawal of the reference was not to promote forum shopping because "without

26  regard to withdrawal, the bankruptcy court's order . . . inevitably was subject to the approval of the

27  district court."); *In re Tamalpais Bancorp*, 451 B.R. 6, 9 (N.D. Cal. 2011) ("[N]either denying nor

28  granting [the] motion [to withdraw reference] will facilitate forum shopping here because a district

DEFENDANT'S MOTION TO WITHDRAW REFERENCE TO BANKRUPTCY COURT
ADV. CASE NO. 18-03015

302001578v1 A3201

1    court will ultimately need to address the issues, whether initially or on de novo review of the

2    bankruptcy court.").

3          It follows that forum shopping is not implicated by the Motion, and the reference should be

4    withdrawn.

5          **G.     Uniformity of Bankruptcy Administration will not be Disrupted by Withdrawal
                  of the Reference**

6

7          Consideration by the District Court of either a non-core claim or *Stern* claim (and other

8    claims based on the same charging allegations) that involve only the application of state law to a

9    claim for Legal Malpractice does not, and cannot, cause any disruption to the uniformity of

10   bankruptcy administration, because such claims do not implicate such issues.  *Veys v. Riske*, No.

11   C07-5625BHS, 2007 U.S. Dist. LEXIS 90623, at *3 (W.D. Wash. Nov. 28, 2007) (complaint

12   asserting non-core state law issues "would not disrupt the uniformity of bankruptcy administration

13   because . . . [it] is largely independent from issues of bankruptcy administration").

14         While the Complaint does contain claims that are arguably core in nature, this does not, on

15   balance, militate against withdrawal of the reference.  Even if the Third Claim for Legal Malpractice

16   is considered a "counterclaim by the estate against persons filing claims against the estate", one

17   category enumerated under 11 U.S.C. § 157(b)(2)(C), such claim is a *Stern* claim as to which the

18   Bankruptcy Court cannot, in any case, enter a final order.  Moreover, all of the claims for relief in

19   the Complaint are based, expressly by their incorporation in each of the claims for relief, on the

20   same factual allegations that underlie the Legal Malpractice claim. In other words, to prevail on any

21   of the claims for relief, the Plaintiff must first show that he is entitled to prevail on the allegations of

22   professional negligence against Defendant based on the required "case-within-a-case" analysis of

23   applicable state law (and, more particularly, New York state law).  See *Rosenthal v. Fonda*, 862 F.2d

24   1398, 1402-03 (9th Cir. 1988).  Such a determination does not implicate any issues peculiar to

25   bankruptcy administration; rather, the District Court is in at least as good of a position as the

26   Bankruptcy Court to decide the key issues of alleged attorney malpractice.

27         On balance, then, withdrawal of the reference in the Adversary Proceeding will not disrupt

28   the uniformity of bankruptcy administration and is warranted.

1

### H.     Withdrawal of the Reference will Conserve Court and Party Resources

2

As an initial matter, withdrawal of the reference at this time would not cause unnecessary

3 delay or cost because there have been no substantive proceedings, and no meaningful costs incurred,

4 in the Bankruptcy Court.  *See, Veys,* 2007 U.S. Dist. LEXIS 90263, at *10 ("It appears that delay

5 and costs associated with withdrawal would be insignificant because [the] adversary complaint is in

6 its early stages.").

7

On the other hand, because the Complaint is dominated by a claim as to which the

8 Bankruptcy Court cannot enter a final order, not withdrawing the reference will inevitably cause

9 additional costs to the parties and expenditure of additional court resources. That is so because

10 whatever decision may be reached by the Bankruptcy Court will be reviewed *de novo* by the District

11 Court, a process that can be obviated if the reference is withdrawn.  *Herbst Gaming, Inc. v.*

12 *Insurcorp (In re Zante, Inc.)*, No. 3:10-cv-00231-RCJ-RAM, 2010 U.S. Dist. LEXIS 137691, at *18

13 (D. Nev. Dec. 29, 2010) (withdrawing reference will save time and money where non-core claims

14 "will have to be finally determined by the [District] Court after a second round of briefing in

15 response to the bankruptcy court's eventual recommendation."); *see also Okla. Natural Gas Co.,*

16 *Div. of ONEOK, Inc. v. Mahan & Rowsey, Inc.*, 48 B.R. 767, 771-72 (Bankr. W.D, Okla. 1985)

17 *aff'd,* 786 F.2d 1004 (10th Cir. 1986) (no deference is owed by the district court to the bankruptcy

18 court's legal <u>or factual</u> findings, and may take its own evidence on *de novo* review under 11 U.S.C. §

19 157(c)).

20

Thus, consideration of the costs to the parties and the impact on the resources of the court

21 supports withdrawal of the reference in this instance.

22 ### IV.     <u>CONCLUSION</u>

23

Consideration of all of the relevant factors strongly favors withdrawal of the reference in this

24 case.  Because the Complaint's dominant claim of Legal Malpractice does not depend on bankruptcy

25 laws for its existence and could proceed in another court, any claim involving these same allegations

26 should be considered non-core; and the Bankruptcy Court is unable to enter final judgment on these

27 claims. *Sec. Farms, 124 F.3d at 1008*. In the alternative, if the Legal Malpractice claim is considered

28 a *Stern* claim, it nonetheless completely overwhelms claims that can be finally adjudicated in

13

1   Bankruptcy Court. Under either analysis, the allegations of professional negligence are more likely

2   to eventually come before the District Court; and efficiency is best served by having the matter heard

3   in the correct forum at the earliest possible opportunity. *Cf. Sec. Farms, 124 F.3d at 1008*; *In re*

4   *Rosales,* 2013 U.S. Dist. LEXIS 160625, 2013 WL 5962007, at *6 & n.4 (N.D. Cal. Nov. 7, 2013).

5           Defendant therefore respectfully requests that the District Court enter its order withdrawing

6   the reference of the Adversary Proceeding to the Bankruptcy Court.

7

8   Dated: June 6, 2018                           HINSHAW & CULBERTSON LLP

9
                                         By:  */s/ Joanna L. Storey*
10                                            PETER L. ISOLA
                                             JOANNA L. STOREY
11                                            KENDRA L. BASNER
                                             Attorneys for Defendant DAVIDOFF
12                                            HUTCHER & CITRON LLP

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION TO WITHDRAW REFERENCE TO BANKRUPTCY COURT
ADV. CASE NO. 18-03015

302001578v1 A3201

## CERTIFICATE OF SERVICE

***Bradley D. Sharp v. Davidoff Hutcher & Citron LLP***
***USBC, Northern District of California***
***Bankruptcy Case No. 16-20296-DM***
***Adversary Case No. 18-03015***

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO:

I am a citizen of the United States and employed in San Francisco, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is One California Street, 18th Floor, San Francisco, California 94111.

On June 6, 2018, I served the document(s) entitled **MOTION BY DEFENDANT FOR WITHDRAWAL OF THE REFERENCE TO BANKRUPTCY COURT; MEMORANDUM OF POINTS AND AUTHORITIES**, on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

| | |
|---|---|
| H. Troy Romero<br>Romero Park P.S.<br>16935 West Bernardo Dr, #260<br>San Diego, CA 92127 | *Special Investigation/Litigation Counsel for the*<br>*Litigation Trustee*<br><br>Tel: (858) 592-0065<br>Email: tromero@romeropark.com |

☐ **(BY MAIL):** I deposited such envelope in the mail at San Francisco, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **(VIA OVERNIGHT MAIL):** I deposited such envelope to be placed for collection and handling, via UPS following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for UPS. On the same day that material is placed for collection, it is picked up by UPS at San Francisco, California.

☐ **(BY ELECTRONIC MAIL):** By transmitting a true copy thereof to the electronic mail addresses as indicated below.

☒ **(BY CM/ECF SERVICE):** I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on June 6, 2018, at San Francisco, California.

*/s/ CJ Kingsley*
CJ Kingsley

DEFENDANT'S MOTION TO WITHDRAW REFERENCE TO BANKRUPTCY COURT
ADV. CASE NO. 18-03015
302001578v1 A3201