UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY D. SHARP, Trustee<br>Respondent<br>v.<br>DAVIDOFF HUTCHER & CITRON LLP,<br>Movant<br><br>In re: BLUE EARTH, et al.,<br>Debtor | Case No. 18-cv-03551-WHO<br>Chapter 11 Case No. 16-30296 DM<br>Adv. Case No. 18-03015<br><br>**ORDER ON MOTION TO WITHDRAW THE REFERENCE** |

Movant Davidoff Hutcher & Citron LLP ("DHC") is a defendant in an Adversary Proceeding pending in the United States Bankruptcy Court for the Northern District of California. DHC moves to withdraw the reference from the Bankruptcy Court over a legal malpractice claim asserted against the firm by the Trustee in the Adversary Proceeding. The Trustee opposes. In his Recommendation to this Court, the Bankruptcy Judge (Hon. Dennis Montali) recommended that withdrawal of the reference not occur until he has handled all pre-trial matters in the Adversary Proceeding.

For the reasons discussed below, I agree with the approach recommended by Judge Montali. Once all pre-trial matters are resolved, Judge Montali shall refer the malpractice claim for resolution by the District Court.

## BACKGROUND

Bradley D. Sharp is the Chapter 11 Trustee ("Trustee") representing the estate of debtors Blue Earth, Inc. ("BEI") and Blue Earth Tech, Inc. ("BETI"). Declaration of Peter Isola ("Isola Decl."), Ex. 1 [Dkt. No. 1-3]. BEI was a publicly-traded company that provided alternative and renewable energy solutions. *Id.* ¶¶ 12-13. On March 21, 2016, BEI and BETI filed voluntary

Chapter 11 bankruptcy petitions, and those petitions have been jointly administered ("Petition"). Complaint ¶ 3; Case No. 16-30296-DM, Bankruptcy Court for the Northern District of California.

On April 18, 2016, DHC, a New York limited liability partnership, filed a Proof of Claim ("Claim") for pre-Petition legal services rendered to BEI. Supplemental Declaration of Peter Isola ("Isola Supp. Decl.") ¶ 3 [Dkt. No. 9]. There is some dispute as to the filing as well as the content of the Claim. According to the copy of the Claim for which the Trustee requests judicial notice, the Claim is for $182,009.46 for legal fees performed by DHC for BEI. Trustee RJN (Dkt. No. 6). DHC asserts that its counsel could not locate the actual Claim on the Bankruptcy Court's electronic docket, raising the question of whether the Claim was actually filed by the Court. *See* Supplemental Declaration of Peter Isola (Dkt. No. 9) ¶ 3. But nonetheless, DHC submits proof that its Claim is for legal services and fees incurred between November 3, 2015 and March 21, 2016. *Id*. ¶ 5, Ex. 7.

On March 20, 2018, an Adversary Proceeding was filed by the Trustee against DHC (Complaint). Dkt. No. 1-5; Isola Decl., Ex. 1. The Complaint contains 3 claims for relief. The first claim for relief is an objection to the Claim filed by DHC. That objection is based, first, on the fact that DHC received a "preferential payment" made by BEI in the amount of at least $50,175.91 three days before BEI filed its Petition ("Pre-Petition Transfer"), which is within 11 U.S.C. § 547's 90-day period. Second, the Trustee alleges that this preferential payment is avoidable under 11 U.S.C. § 547(b) and/or § 544, and recoverable under 11 U.S.C. § 550. Third, the Trustee objects to the claim because DHC negligently performed unspecified legal services as BEI's legal counsel in breach of its duty to BEI, causing injury to BEI. *Id.* ¶¶ 42-46, 52.

The second claim in the Complaint is for avoidance and recovery of the Pre-Petition Transfer made by BEI to DHC. Trustee alleges that the Pre-Petition Transfer was made to satisfy a "longstanding" debt owed by BEI to DHC for previously-rendered legal services. *Id.* ¶¶ 47-55.

The third claim in the Complaint is for legal malpractice. *Id*. ¶¶ 42-62. The legal malpractice claim seeks $1,247,435 for damages incurred by BEI for attorney's fees and related costs and payments for an arbitration judgment against BEI in favor of former employees, D. Jason Davis ("Davis") and Joseph Patalano ("Patalano"). *Id.* ¶¶ 12-41, 56-62; Judgment [Dkt. No.

9-1]. The facts underlying the legal malpractice claim as alleged in the Complaint are based on DHC's representation of BEI and the negotiations over BEI's acquisition of another company, Xnergy, Inc. and the employment contracts with Xnergy's former principals, Davis and Patalano. The Complaint alleges that DHC gave erroneous advice to BEI in connection with a dispute between BEI's CEO and Davis and Patalano and that because of that advice, BEI improperly terminated Davis and Patalano. It also claims that DHC subsequently provided advice to BEI that resulted in defamation claims by Davis and Patalano against BEI. Davis and Patalano commenced an arbitration proceeding in California against BEI in April 2014, resulting in a decision in their favor against BEI. Complaint ¶¶ 12-41.

On June 6, 2018, DHC filed this motion asking me to withdraw the reference for the malpractice claim from the Adversary Proceeding in the Bankruptcy Court.[1] It argues that the Trustee's malpractice claim (on which DHC has filed a demand for a jury trial and objects to trial before the Bankruptcy Court) is wholly separate from both its Chapter 11 Claim against the bankruptcy estate and the other two issues raised in the Adversary Proceeding. It asserts that the malpractice claim is not within the "core jurisdiction" of the Bankruptcy Court, but even if it is core, it is a *Stern* claim that will not be resolved in the process of resolving DHC's Chapter 11 Claim.[2] Therefore, DHC contends it has a right for a district court jury to resolve the malpractice claim and the reference should be withdrawn now so that process may proceed in district court.

The Trustee opposes the motion to withdraw, arguing that the malpractice claim is a "core" claim because it was asserted as a counterclaim to DHC's Chapter 11 Claim. In addition, the Trustee contends that under *Stern* the Bankruptcy Court has jurisdiction over the malpractice claim because the malpractice claim will necessarily be resolved in the process of adjudicating the

---

[1] DHC has not filed a response to the Complaint in the Adversary Proceeding, and by stipulation and order of the Bankruptcy Court, DHC's motion to dismiss has been stayed pending resolution of this motion to withdraw the reference.

[2] A *Stern* claim is a claim that may be "core" under Title 11 (for example, a state law counterclaim asserted in response to a Chapter 11 Claim), but a bankruptcy court still does not have constitutional authority to render a final judgment under 28 U.S.C. § 157(b)(2)(C) if that state law claim would not be resolved in the process of ruling on the creditor's proof of claim. *Stern v. Marshall*, 564 U.S. 462, 476 (2011).

3

Chapter 11 Claim and the Trustee's objections to it, as encompassed in the first two claims asserted in the Adversary Proceeding Complaint. Oppo. at 3-7. Finally, the Trustee contends that if the legal malpractice claim does not fall under the Bankruptcy Court's jurisdiction, the proper procedure is not to withdraw the reference now but instead to allow the Bankruptcy Court to handle pre-trial matters and under *Executive Benefits Ins. Agency v. Arkison*, 134 S.Ct. 2165 (2014), to hear the proceeding and submit proposed findings of fact and conclusions of law for the district court's *de novo* review and entry of judgment. *Id*. at 8-9.

On June 12, 2018, Judge Montali issued a recommendation regarding the motion to withdraw the reference. Bankruptcy Court Recommendation Regarding Motion to Withdraw ("Recommendation") [Dkt. No. 1-4]. Judge Montali suggested that he may lack jurisdiction over the malpractice claim because of DHC's jury demand, although he noted that the Trustee has not yet agreed that such a jury right exists and there is an argument that any jury demand was waived when DHC filed its proof of Claim in the Chapter 11 proceeding. Judge Montali explained that if the Trustee does not agree that a timely jury demand was made and not waived, under B.L.R. 9015-2(b), he would have to decide these preliminary issues. *Id.* at 1-2.

In light of his recognition that he could not conduct a jury trial on the malpractice claim (absent consent from or waiver by DHC), Judge Montali recommended that he be allowed to proceed with pretrial matters and that the reference be withdrawn when the matter is ready for trial. That way, as part of the Adversary Proceeding he could efficiently address and resolve pre-trial matters including case dispositive motions that do not require factual findings and discovery disputes, which is the preferred procedure under Bankruptcy Local Rule 9015-2(b). *Id.* at 3.

## LEGAL STANDARD

District courts have original jurisdiction over "all civil proceedings arising under title 11," which is the Bankruptcy Code, as well as over cases "arising in or related to cases under title 11." 28 U.S.C. § 1334(a)-(b). However, the district court's jurisdiction is not exclusive. As stated in 28 U.S.C. § 157(a):

> Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the

4

district.

Additionally, 28 U.S.C. § 157(d) states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

There are two circumstances by which reference to the bankruptcy court may be withdrawn for the case to proceed in district court. First, withdrawal is mandatory under § 157(d) "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Everett v. Art Brand Studios, LLC*, 556 B.R. 437, 442 (N.D. Cal. 2016). Withdrawal is required "in cases requiring material consideration of non-bankruptcy federal law." *Id.* (citing *Security Farms v. Int'l Bhd. of Teamsters, etc.*, 124 F.3d 999, 1008 (9th Cir. 1997)).

Relevant here is the concept of permissive withdrawal under § 157(d). That section provides that, "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." In determining cause for permissive withdrawal, district courts consider "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Security Farms*, 124 F.3d at 1008. For either permissive or mandatory withdrawal, "[t]he burden of persuasion is on the party seeking withdrawal." *Everett*, 556 B.R. at 442.

**DISCUSSION**

A bankruptcy court is permitted to retain jurisdiction over an action for pre-trial matters notwithstanding a Seventh Amendment jury trial right. *See In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007) (citations omitted). The preferred procedure under B.L.R. 9015-2(b) is:

> If the Bankruptcy Judge determines that the demand for a jury trial was timely made and the party has a right to a jury trial, and if all parties have not filed written consent to a jury trial before the Bankruptcy Judge, the Bankruptcy Judge shall, after having resolved all pre-trial matters, including dispositive motions, certify to the

5

> District Court that the proceeding is to be tried by a jury and that the parties have not consented to a jury trial in the Bankruptcy Court, and shall include in such certification, a report of the status of the proceeding and a recommendation on when the matter would be suitable for withdrawal from the Bankruptcy Court. Upon such certification, the party who has demanded a jury trial shall promptly file a motion in accordance with B.L.R. 5011-2(a) for withdrawal of the reference of the proceeding to be tried to a jury. The motion and the certification shall thereafter be handled in the District Court in accordance with B.L.R. 5011-2(c), (d) and (e).

Consistent with the Recommendation and B.L.R. 9015-2(b), I conclude that Judge Montali should retain jurisdiction over this claim until all pre-trial matters are resolved.

While the legal malpractice Adversary Procedure claim may be "core," as it is in effect a counterclaim asserted against DHC's Chapter 11 Claim, I conclude it is a *Stern* claim. The evidence submitted shows that the factual predicate for the malpractice claim (legal advice starting in 2012 and ending in April 2014, resulting in legal fees incurred by a different firm and a confirmed judgment against BEI in late 2015) is different from the factual predicate of DHC's Chapter 11 Claim (for legal services performed from November 2015 through early 2016).

In these circumstances, I agree with Judge Montali that absent consent and absent waiver, the legal malpractice claim must be ultimately resolved in District Court. However, given the Bankruptcy Court's experience with the affairs of BEI generally in the underlying Chapter 11 proceedings as well as need for Judge Montali to resolve questions surrounding other legal services provided by DHC with respect to *both* DHC's Chapter 11 Claim and the Trustee's first two claims in the Adversary Proceeding, efficiencies are well-served by allowing Judge Montali to handle the pre-trial matters on the legal malpractice claim, certify the status of the proceeding and recommend when the matter is suitable for withdrawal from the Bankruptcy Court. At that point, DHC may move to withdraw the reference so that the matter can be tried to a jury in District Court.

**IT IS SO ORDERED.**

Dated: December 17, 2018

William H. Orrick
United States District Judge